UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMATEN JENKINS,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant.
_____/

Case No. 12-12278

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 2]

      Plaintiff Lamaten Jenkins filed this quiet title action in Oakland County Circuit Court against defendant Wells Fargo Bank. Defendant removed the case to this court on the basis of diversity jurisdiction. In his complaint, plaintiff describes his interest in the subject property located at 21239 Reimanville, Royal Oak, Michigan 48220, as a "fee simple absolute by way of an executed warranty deed." Plaintiff maintains that he purchased the property and currently resides therein. Plaintiff contends that he attempted to get a loan modification or negotiate in good faith a settlement for the property with defendant, to no avail.

      The property has only ever had one owner of record, one Elizabeth Rogers. Ms. Rogers obtained a home equity conversion mortgage on the property with defendant on October 25, 2006. Rogers defaulted under the mortgage and defendant foreclosed. On October 18, 2011 defendant sold the property at Sheriff's Sale. Defendant was the high bidder. On October 19, 2011, defendant quit claimed the property to Federal National Mortgage Association. The redemption period expired on April 18, 2012. Plaintiff

brought this quiet title action on or about April 27, 2012.  The matter is presently before the court on defendant's motion to dismiss.  The court has determined that the decisional process will not be aided by oral argument, and that the matter may be resolved by considering the arguments made in the pleadings.

To quiet title in himself, plaintiff must prove that he has an interest in the property that is superior to the title claims of all other persons with an interest.  <u>Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd. Comm'n</u>, 236 Mich. App. 546, 550 (1999).  In bringing a quiet title claim, Michigan law requires that a plaintiff describe the property with reasonable certainty, M.C.R. 3.411(B)(1), and allege facts establishing the superiority of his claim to the property.  <u>Id</u>. at (2).  Plaintiff in this case does not name the current title holder, Federal National Mortgage Association, as a defendant.  In addition, plaintiff does not explain why the Sheriff's Deed in defendant's name is not effective, or why defendant had an obligation to modify an undescribed loan, or why defendant's failure to do so establishes plaintiff's superior interest in the property.  Finally, plaintiff's allegation in paragraph 5 of his complaint, that he purchased the property, is belied by the documents attached to defendant's motion to dismiss as Exhibits 1-4 that were recorded in the office of the Oakland County Register of Deeds.

The nature of plaintiff's quiet title action is to attack the foreclosure by defendant and to determine title in the subject property.  Plaintiff has failed to sufficiently allege, or attach documents demonstrating, his superior interest in the property.  Under <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), plaintiff has failed to state a plausible basis for standing to attack the foreclosure of the mortgage held by defendant on the subject property, therefore his quiet title action is subject to dismissal.

Plaintiff's second count alleges a claim for unjust enrichment. Unjust enrichment requires a plaintiff to prove (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003). If this is established, the law will imply a contract in order to prevent unjust enrichment. Id. However, a contract will be implied only if there is no express contract covering the same subject matter. Id.

In this case, plaintiff has not explained what benefit he conferred upon defendant, or how the retention of that benefit would result in an inequity to him. Furthermore, plaintiff's claim is based on some sort of contractual relationship between the parties (he seeks enforcement of a loan modification), and an implied contract will not be found where an express contract covers the same subject matter. Id. Therefore, plaintiff's unjust enrichment claim must be dismissed.

Plaintiff's implied agreement count alleges that the parties had an agreement on a loan modification which would enable plaintiff to maintain possession of the property. However, M.C.L. 566.132(2) provides that an oral promise of a loan modification is not enforceable.

Plaintiff's final count is an alleged violation of M.C.L. 600.3205(c) for failure to give the defaulted mortgagor an opportunity to seek a mortgage modification before proceeding with a foreclosure by advertisement. Plaintiff has not even alleged that he is a mortgagor with relation to the subject property in this case. As defendant points out, the only mortgagor on the mortgage which was foreclosed by defendant, Elizabeth Rogers, was notified that she had 14 days to seek a meeting to potentially modify the mortgage. Ms. Rogers did not timely seek a modification meeting. (Exhibit 3, p. 7).

For the reasons set forth above, defendant's motion to dismiss is GRANTED.

Dated:  July 25, 2012

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 25, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---